IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN C. TOMLINSON, ET AL., | ) | CV 13-00554 SOM-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFFS' MOTION FOR |
| | ) | REMAND, AND ORDER |
| DEUTSCHE BANK NATIONAL | ) | DENYING DEFENDANT'S |
| TRUST COMPANY, ET AL., | ) | MOTION TO SEVER CLAIMS |
| | ) | AND DENYING AS MOOT |
| Defendants. | ) | DEFENDANT'S JOINDER IN |
| _____ | ) | MOTION TO SEVER CLAIMS |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR REMAND, AND ORDER DENYING DEFENDANT'S MOTION TO
SEVER CLAIMS AND DENYING AS MOOT DEFENDANT'S JOINDER IN
MOTION TO SEVER CLAIMS

Before the Court are Plaintiffs JOHN C. TOMLINSON, SUSAN M.

TOMLINSON, and RHONDA L. SNYDER'S (collectively "Plaintiffs") Motion to

Remand (Doc. 17),  Defendant DEUTSCHE BANK NATIONAL TRUST

COMPANY'S ("Deutsche Bank")  Motion to Sever Claims (Doc. 10), and

Defendant U.S. BANK, N.A.'S ("US Bank") Joinder in Deutsche Bank's Motion

to Sever Claims (Doc. 15).  The Court heard these Motions on January 17, 2014.

After careful consideration of the Motions, the supporting and opposing

memoranda, and the arguments of counsel, the Court recommends that Plaintiffs'

Motion to Remand be GRANTED, and the Court  DENIES Deutsche Bank's

Motion to Sever,  and TERMINATES US Bank's Joinder as Moot.

Defendants removed this case on the basis of diversity of citizenship.

Although, on the face of the complaint, complete diversity did not exist,

Defendants assert that under the doctrines of fraudulent joinder and/or fraudulent

misjoinder, removal was nonetheless proper.  As discussed below, the Court finds

that neither doctrine permits the court to overlook incomplete diversity in this case.

## FACTUAL BACKGROUND

On September 11, 2013, Plaintiffs filed suit in the Circuit Court of the

First Circuit for the State of Hawaii against Deutsche Bank and US Bank.  (Doc. 1-

1.)  The Complaint alleges that Deutsche Bank and US Bank knowingly

participated in a false and deceptive scheme involving the fraudulent assignment of

mortgages and mortgage notes.  (Doc. 1-1 at 12-13.)  This alleged scheme entailed

the Defendants knowingly accepting the assignment of these instruments from

New Century Mortgage Corp. ("New Century"), where New Century purportedly

lacked an ownership interest in the instruments and thus lacked the lawful authority

to assign them.[1]  (Id.)  Specifically, New Century assigned the Snyder mortgage to

---

[1] New Century is in federal bankruptcy liquidation proceedings in Delaware, and
therefore is not a party to this lawsuit.  (Doc. 17 at 5.)

US Bank, and the Tomlinson mortgage to Deutsche Bank.  (Doc. 1-1 at 15-17.)

Plaintiffs assert that Defendants' actions in connection with these assignments

constitute an "unfair and deceptive practice" under Hawaii Revised Statutes

("HRS") Chapter 480.[2]  (Id. at 13.)

Plaintiffs allege that this scheme culminated in the Defendants'

wrongful non-judicial foreclosure of Plaintiffs' respective Hawaii properties.  (Id.

at 13-14.)  Specifically, Plaintiffs assert that Deutsche Bank unlawfully foreclosed

on the Tomlinson property (Doc. 1-1 at 15), and US Bank unlawfully foreclosed on

the Snyder property.  (Doc. 1-1 at 17)  The common denominator being that New

Century was the assignor of both mortgages.  In addition to their unfair and

deceptive practice claim, Plaintiffs assert that the recordation of "forged and false

instruments" by the Defendants with the Hawaii Bureau of Conveyance constituted

a criminal act in violation of HRS § 708-852(1).[3]  (Id. at 14.)

---

[2] HRS § 480-2(a) provides that, "Unfair methods of competition and unfair or deceptive
acts or practices in the conduct of any trade or commerce are unlawful."

[3] HRS § 708-852(1) provides in relevant part, "A person commits the offense of forgery
in the second degree if, with intent to defraud, the person falsely makes, completes, endorses, or
alters a written instrument, or utters a forged instrument . . . .which does or may evidence, create,
transfer, terminate, or otherwise affect a legal right, interest, obligation, or status."

US Bank failed to timely respond to Plaintiffs' Complaint. (Doc. 17-8.) Accordingly, the First Circuit Court for the State of Hawaii entered Default against US Bank on October 23, 2013. (Id.) It appears, however, that no final judgment of default was entered in state court.

On October 24, 2013, Deutsche Bank filed a Notice of Removal asserting federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and pursuant to 28 U.S.C. § 1441 (a) and (b), "as the matter exceeds the sum or value of $75,000 . . . and is between citizens of different states." (Doc. 1 at 3-4.) Although Deutsche Bank and Snyder are both citizens of California, facially defeating diversity jurisdiction, Deutsche Bank asserted that removal was nonetheless proper because the Snyder claim against US Bank, and the Tomlinson claim against Deutsche Bank were improperly joined. (Id. at 5.) According to Deutsche Bank, the claims of Snyder and the Tomlinsons do not arise from "the same transaction, occurrence, or series of transactions or occurrences," as is required for joinder under Federal Rules of Civil Procedure ("FRCP") Rule 20(a). (Id.) Rather, according to Deutsche Bank, they are two separate claims involving separate property owners against two separate banks. Deutsche Bank's Notice of Removal asserted that the Plaintiffs should be severed, and that thereafter complete diversity will exist to support removal. (Doc. 1 at 7-8.) Only after removing this case,

4

however, did Deutsche Bank file a Motion to Sever the claims of Snyder and the Tomlinsons.[4]  (Doc. 10.)

On November 22, 2013, Plaintiffs filed the present Motion to Remand.  (Doc. 17.)  Plaintiffs assert, first, that removal was improper because, at the time of removal, the Plaintiffs' claims had not been severed and complete diversity did not exist.  (Doc. 17 at 2.)  The federal court, Plaintiffs argue, therefore lacked jurisdiction to consider "the alleged misjoinder," the very basis for Deutsche Bank's removal.  (Id.)  Impliedly, Deutsche Bank should have been required to file a Motion to Sever in state court, and only if successful there, pursue removal.

Second, Plaintiffs assert that "case law is clear that claims against purported assignees of instruments from the same assignor may properly be joined together where the putative assignor is alleged to have made the assignments as part of a common scheme."  (Id.)  Accordingly, Plaintiffs claim that even if the federal court had jurisdiction to consider the propriety of joinder, joinder was proper and complete diversity would therefore not exist to support removal.

---

[4] US Bank subsequently filed a Motion to Join Deutsche Bank's Motion to Sever.  (Doc. 15.)

In opposing Plaintiffs' Motion to Remand, Deutsche Bank and US Bank now argue that this Court should apply the doctrines of fraudulent joinder and/or fraudulent misjoinder to effectively sever Plaintiffs' claims, thereby establishing federal diversity jurisdiction.  Both Defendants assert that because Plaintiffs have failed to satisfy the joinder requirements of FRCP Rule 20, the doctrine of fraudulent misjoinder permits the court to ignore the lack of complete diversity for purposes of federal jurisdiction.  (Doc. 25 at 1, Doc. 26 at 4-5.)  US Bank makes the additional argument, that because Snyder's claim against US Bank was filed after the statute of limitation for a claim for Unfair and Deceptive Practices, it is fraudulently joined with the Tomlinsons' claim against Deutsche Bank, and may be ignored for purposes of diversity jurisdiction  (Doc. 26 at 16.)

## STANDARD OF REVIEW

"When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court."  Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985).  Moreover, "[t]he diversity upon which removal is predicated must be complete."  Id.

Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564,

566 (9th Cir. 1992).  "The party seeking removal has the burden of establishing

federal jurisdiction, and '[n]ormally, the existence of federal jurisdiction on

removal must be determined from the face of plaintiff['s] complaint.'"

Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th

Cir. 1993).

DISCUSSION

The threshold issue in this case is jurisdictional.  At the time

Defendants removed this action from state court, the Plaintiffs' claims had not yet

been severed.  Accordingly, complete diversity did not exist and removal was

improper, unless some exception empowers this Court to ignore the citizenship of

the non-diverse parties.  Deutsche Bank and US Bank assert that fraudulent joinder

and fraudulent misjoinder, two distinct exceptions to the complete diversity rule,

each empower the Court to do just that.  As discussed below, the Court finds that

neither doctrine, even if applicable in the Ninth Circuit, provides an avenue to

federal diversity jurisdiction under the circumstances of this case.

I.        FRAUDULENT JOINDER

Courts, including the Ninth Circuit, "have long recognized fraudulent

joinder as an exception to the complete diversity rule."  In re Prempro Products

Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010); see also Ritchey v. Upjohn

7

Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ("it is commonplace that

fraudulently joined defendants will not defeat removal on diversity grounds.").

Fraudulent joinder "occurs when a plaintiff files a frivolous or illegitimate claim

against a non-diverse defendant solely to prevent removal."[5] Prempro, 591 F.3d at

620; see also Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)

("Joinder of a non-diverse defendant is deemed fraudulent, and . . . ignored for

purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action

against a resident defendant, and the failure is obvious according to the settled

rules of the state.'").  "When determining if a party has been fraudulently joined, a

court considers whether there is any reasonable basis in fact or law to support a

claim against a nondiverse defendant."  Prempro, 591 F.3d at 620.

 In California Dump Truck Owners Ass'n v. Cummins Engine Co.,

Inc., 24 Fed. Appx. 727 (9th Cir. 2001), for example, the manufacturer defendant

removed the case from California state court to federal court, claiming that the

court should ignore the citizenship of a non-diverse trucking company because the

company was fraudulently joined.  Id. at 729.  The district court denied the

plaintiffs' motion to remand, apparently holding, in part, that the plaintiffs had

---

 [5] Fraudulent joinder is a term of art and does not necessarily involve "fraud" in some legal sense.  The Fifth Circuit has adopted the term "improper joinder" to make this point.  See Elam v. Kansas City Souther Ry. Co., 635 F.3d 796, 812  (5th Cir. 2011); see also Wright and Miller, 13 F Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.).

failed to state a valid cause of action against the non-diverse defendant because the plaintiffs had not provided evidence of the non-diverse defendant's connection to California.  Id.

The Ninth Circuit reversed and ordered the case remanded to state court.  Id. at 730.  The Ninth Circuit held that fraudulent joinder may come into play if there is "no possibility" that a plaintiff would be able to establish a cause of action against a defendant in state court.  Id. at 729.  The plaintiffs' failure to provide evidence of a connection to California was not, however, sufficient to show that there was "no possibility" of a valid claim, "given California's liberal rules on amendment of pleadings" and the likelihood that the plaintiffs would have been granted leave to amend to address any deficiencies.  Id. at 729-730. Accordingly, the Court held that the defendants seeking removal had failed to meet their burden of proving fraudulent joinder.

Fraudulent joinder did provide a basis for ignoring incomplete diversity and denying remand in Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998).  The plaintiff first filed suit in federal court alleging injuries from use of a drug manufactured by Upjohn.  Id. at 1315.  In this suit, the federal district court granted summary judgment against the plaintiff due to his failure to file his personal injury suit within California's one-year statute of limitations.  Id.  The

9

plaintiff then filed suit in state court alleging essentially the same claims, but also naming two non-diverse physician defendants.  Upjohn then removed the case to federal court asserting that the physicians were fraudulently joined, sham defendants because both res judicata and the statute of limitations barred any action against them.  Id.

The Ninth Circuit observed that on the face of the complaint, complete diversity did not exist.  Id. at 1318.  The court stated further, however, that if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  Id.  In making this determination, the court will look to the complaint, but also permit the defendant an opportunity to show that joined individuals "cannot be liable on any theory."  Id.

The court noted that it is "a slight anomaly" to view a statute of limitations as grounds for dismissing a complaint for failure to state a cause of action.  Id. at 1320.  In light of the prior dismissal of the plaintiff's federal lawsuit, however, the court nonetheless held that statute of limitations barred any claim against the physician defendants.  Id.  Accordingly, for the purposes of removal, they were "sham" defendants, and their fraudulent joinder was insufficient to bar removal.  Id. at 1320.

In the present case, US Bank asserts that Snyder's claim against it for unfair and deceptive trade practices is barred by Hawaii's four-year statute of limitations under HRS § 480-24(a).[6]  (Doc. at 26 at 16.)  According to US Bank, Snyder's claim for Unfair and Deceptive Trade Practices arises from New Century's allegedly unlawful assignment of her mortgage to US Bank on January 19, 2009.  (Id.)  Snyder did not file her complaint in state court until September 11, 2013, more than four years after the allegedly unlawful transaction.  Therefore, US Bank asserts that Snyder fails to state a cause of action and is fraudulently joined to the Tomlinsons' suit.

In support of its argument, US Bank cites the recent dismissal of a similar claim in Lowther v. US Bank, CV 13-235 LEK-BMK (D. Haw. September 4, 2013).[7]  As in the present case, Lowther asserted a claim for Unfair and Deceptive Practices arising from New Century's allegedly unlawful assignment of Lowther's mortgage to US Bank.  Id. at 39.  US Bank moved to dismiss Lowther's

---

[6] HRS § 480-24(a) provides that:

> Any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues, except as otherwise provided in subsection (b) and section 480-22.  For the purpose of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of the violation.

[7] Lowther is represented by the same attorneys who represent Snyder and the Tomlinsons in the present case.

UDAP claim as time-barred for failure to file her complaint within four-years of the assignment.  Id. at 40.  Lowther argued that her claim was timely under the "'continuing violation' provision of HRS § 480-24(a)."  Id. at 41.  Judge Leslie E. Kobayashi found no continuing violation and granted the defendant's motion to dismiss Lowther's UDAP claim with prejudice, "to the extent that" it is based on a "continuing violation."  Id. at 46.  Judge Kobayashi, however, also held that based upon the equitable tolling doctrine of fraudulent concealment, Lowther's UDAP claim could "arguably be cured by amendment."  Id. at 47.  Accordingly, to the extent that the UDAP claim is based upon fraudulent concealment, it was dismissed without prejudice.  Id.

Assuming for the sake of argument that Lowther closely mirrors the present case, the dismissal of Lowther's UDAP claim does not, by itself, support a finding that Snyder was fraudulently joined for purposes of diversity jurisdiction. Under Ritchey, fraudulent joinder exists where a plaintiff  "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  Ritchey also held that the defendant seeking removal bears the burden to show that it "cannot be liable on any theory."  See also

California Dump, 24 Fed. Appx. at 729 (requiring "no possibility" of a valid claim to find fraudulent joinder).[8]

       The "possibility" of a cause of action encompasses, as in California Dump Truck, inquiry into the chance that a state court might permit an amendment of a complaint to cure any deficiencies and that those deficiencies are curable. Judge Kobayashi's ruling that Lowther could arguably cure the deficiencies in her complaint provides that the "possibility" of a cause of action exists even where the statute of limitations appears to bar a claim. As in Lowther, this court must presume here that any statute of limitations barrier to a UDAP claim might eliminated by amended pleadings asserting exceptions to the rule. Moreover, counsel for US Bank conceded at oral argument that Plaintiffs' complaint stated additional claims, other than UDAP. Therefore, any statute of limitations issue with Snyder's UDAP claim would not, by itself, eliminate Snyder from this suit.

---

[8] In view of Ritchey and California Dump Truck, finding "no cause of action" for purposes of fraudulent joinder appears to involve a heightened level of analysis from that required for a motion to dismiss under FRCP Rule 12(b)(6). See also, Lizari v. CVS Pharmacy, Inc., CV 10-10066 SVW, 2011 WL 2238806, *2 (C.D. Cal. 2011) (courts in the Ninth Circuit apply fraudulent joinder only in cases where it is "undisputedly clear" that there is no cause of action against a non-diverse defendant); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999) (once the court identifies a "glimmer of hope for the plaintiff," the jurisdictional inquiry ends). In contrast, the post Iqbal, standard for a 12(b)(6) motion does not require that it appear "beyond a doubt" that a plaintiff does not state a claim, or that under "no-set-of-facts" would a plaintiff be entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 670 (2009).

Accordingly, the Court does not find that Snyder fails to state a cause of action for purposes of fraudulent joinder.  US Bank has failed to meet its burden of showing that it "cannot be liable on any theory."  <u>Ritchey</u>, 139 F.3d at 1318. Thus, the doctrine of fraudulent joinder does permit the Court to ignore the lack of complete diversity in this case for purposes of federal jurisdiction and removal.

II.       FRAUDULENT MISJOINDER

Fraudulent misjoinder, in contrast to fraudulent joinder, is a relatively recent exception to the complete diversity rule.  See <u>In re Prempro Products Liability Litigation</u>, 591 F.3d 613, 620 (8th Cir. 2010).  Fraudulent misjoinder occurs when "a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other."  <u>Prempro</u>, 591 F.3d at 620.  Accordingly, while fraudulent joinder attacks the legitimacy of a claim against a nondiverse party, fraudulent misjoinder challenges the nexus or relationship between joined, independently viable suits.

Unlike fraudulent joinder, fraudulent misjoinder has not been broadly accepted by appellate courts.  See <u>Prempro</u>, 591 F.3d at 620 n. 4.  The Eleventh Circuit, is the only federal appellate court to expressly adopt the doctrine of

fraudulent misjoinder.  See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996).  The Fifth, Eighth, Ninth, and Tenth Circuits have acknowledged its possible applicability, but have yet to expressly accept it or apply it in any case. See In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir.2002) (citing Tapscott, 77 F.3d at 1360) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction."); California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc., 24 Fed.Appx. 727, 729 (9th Cir. 2001) ("For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs."); Lafelier v. State Farm Fire and Cas. Co., 391 Fed. Appx. 732 (10th Cir. 2012) ("There may be good reasons to adopt procedural misjoinder . . . . but we need not decide that issue today."); Prempro, 591 F.3d at 620 n.4.

"The Eleventh circuit first considered and adopted the fraudulent misjoinder doctrine in  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996)." Prempro, 591 F.3d at 620.  In Tapscott, an initial complaint alleged fraud arising from the sale of automobile service contracts.  Tapscott, 77 F.3d at 1355. Amended complaints brought in additional plaintiffs and defendants and alleged fraud in the sale of extended service contracts for retail products.  Id.  In its final incarnation, after joinder under FRCP Rule 20, the suit presented two distinct

15

groups of plaintiffs and defendants: the non-diverse "automobile class" and the diverse "merchant class."   Defendant Lowe's Homes Centers removed the case to federal court and moved to sever the claims against it from the claims against the automobile class defendants. Id. Plaintiffs sought remand based upon lack of complete diversity. Id. The district court granted Lowe's motion to sever and denied plaintiffs' motion to remand holding that "there was improper and fraudulent joinder, bordering on a sham." Id. at 1360.

Affirming the district court's decision, the Eleventh Circuit observed that diversity jurisdiction under 28 U.S.C. § 1332 required that every plaintiff must be diverse from every defendant, but held that "an action may nevertheless be removable if the joinder of non-diverse parties is fraudulent." Tapscott, 77 F.3d at 1359. The Court "recognized two situations where joinder is fraudulent:  (1) if there is no possibility the plaintiff can prove a cause of action against the resident defendant; or (2) if there has been outright fraud by the plaintiff in pleading jurisdictional facts." Id. at 1360 n.17. The Eleventh circuit held that Tapscott fell into the later category of "outright fraud," or fraudulent misjoinder.   According to the Court, there was "no real connection" between the two sets of alleged transactions and the only similarity between the two classes was that they both involved alleged violations of  the same fraud provisions of the state code. Id. at

1360.  Accordingly, joinder of these two groups of unrelated defendants was "so egregious" as to constitute fraudulent misjoinder.  Id.  The Eleventh Circuit cautioned, however, that fraudulent misjoinder, sufficient to justify an exception to the complete diversity rule, is beyond "mere misjoinder."  Rather, the misjoinder must be "egregious," presumptively rising to the level of "outright fraud."  Id.

As the Eighth Circuit observed in Prempro, other "Courts' reactions to Tapscott have been mixed."  Prempro, 591 F.3d at 620.  While some district courts outside the Eleventh circuit have adopted the doctrine, see e.g., In re Diet Drugs, No. 98-20478, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (unreported) (explaining that plaintiffs' egregious misjoinder "wrongfully deprives Defendants of their right of removal."); Reed v. American Medical Sec. Group, Inc., 324 F. Supp. 2d 798, 805 (S.D. Miss. 2004) (adopting the fraudulent misjoinder doctrine because "diverse defendants ought not be deprived of their right to a federal forum by such a contrivance as this."), "[o]ther courts have criticized Tapscott, arguing that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule." Prempro, 591 F.3d at 621-622; see also Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal.2004) (rejecting fraudulent misjoinder because

17

"the last thing the federal courts need is more procedural complexity."); <u>Rutherford v. Merck & Co.</u>, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) (holding that <u>Tapscott</u> is an improper expansion of federal diversity jurisdiction, and "whether viable state-law claims have been misjoined-even 'egregiously' misjoined-is a matter to be resolved by a state court."); <u>Geffen v. General Elec. Co.</u>, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008) (rejecting fraudulent misjoinder as a dubious doctrine requiring the court to "wade into a thorny thicket of unsettled law.");

In <u>Prempro</u>, the most recent appellate court case to consider fraudulent misjoinder, three separate suits were filed in Minnesota state court by three plaintiff groups representing a combined total of more than one hundred and fifty women and their decedents.  <u>Prempro</u>, 591 F.3d at 617.  The various suits asserted claims against more than eleven companies that manufactured, marketed, and sold hormone replacement therapy ("HRT") drugs.  <u>Id.</u>  The manufacturers removed all three cases to federal district court, arguing in their removal petitions that the individual claims within each case were fraudulently misjoined because they "did not arise out of the same transaction or occurrence," as required by FRCP Rule 20(a).  <u>Id.</u> at 618.  The plaintiffs filed motions to remand asserting a lack of complete diversity.  <u>Id.</u>

18

Relevant to our present case, the district court upheld the removal concluding that the plaintiffs had failed to properly join under Rule 20 because "[t]he only thing common among Plaintiffs is that they took an HRT drug—but not necessarily the same HRT drug.  Plaintiffs are residents of different states and were prescribed different HRT drugs by different doctors, for different lengths of time, in different amounts, and they suffered different injuries."  Id. at 618.  Proceeding in federal court, 116 plaintiffs were dropped from the litigation and their cases dismissed.  Id. at 619.  On appeal, the dismissed plaintiffs argued that the district court had erred in denying their motions to remand by applying a "discredited theory" of fraudulent misjoinder.  Id.

The Eighth Circuit reversed the district court's decision and remanded all the cases to state court for lack of diversity jurisdiction, but declined to "either adopt or reject" the doctrine of fraudulent misjoinder, holding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder . . . is not so egregious as to constitute fraudulent misjoinder."  Prempro, 591 F.3d at 622.  Reading the language of Rule 20 "as broadly as possible," the Eighth Circuit held that "based on the plaintiffs' complaints, we cannot say that their claims have no 'real connection' to each other such that they are egregiously misjoined."  Id.  It was sufficient that plaintiffs' claims arose from a series of transactions between drug

manufacturers and individuals that had used the drug, that plaintiffs' alleged claims related to the use of the drug, and that the plaintiffs' claims contained common questions of law and fact.  Id. at 623.

Notably, the Eighth Circuit's inquiry was not whether joinder was appropriate under Rule 20, but rather, whether the defendants had made a showing that any misjoinder reflected an "egregious or bad faith intent" to "thwart removal." Id. at 623.  Indeed, the Eighth Circuit recognized that the plaintiffs' claims might be improperly joined under Rule 20, but that was beside the point, because unless it is clear that joinder is "egregious and grossly improper," "mere misjoinder" is more appropriately raised in state court prior to removal.  Id. Accordingly, Rule 20 provided a baseline from which to measure the egregiousness of misjoinder, not a rule to be satisfied in order to defeat removal.

In the present case, Plaintiffs assert that the claims against Defendants arise out of a systematic pattern of events such that they may be considered to arise out of the same transaction or transactions.   Plaintiffs cite case law from the Eleventh Circuit that found joinder to be proper where claims against an array of financial institutions all arose from assignments by a single insolvent lender.  See Moore v. Comfed Sav. Bank, 908 F.2d 834, 839 (11th Cir. 1990) (permitting joinder under Rule 20 of defendants that acquired loans from single insolvent

20

lender).  Because Plaintiffs have pled at least plausible grounds for joinder, and because "all doubts about federal jurisdiction should be resolved in favor of remand to state court," <u>Prempro</u>, 591 F.3d at 620, the Court does not find that joinder of the parties in this case is "egregious" or "grossly improper."  The Court "cannot say that their claims have no 'real connection' to each other such that they are egregiously misjoined." <u>Id.</u> at 623.  Accordingly, the Court finds that complete diversity is lacking and removal was improper.[9]

CONCLUSION

---

[9] In opposition to Plaintiffs' Motion to Remand and at oral argument, Defendants argued that <u>Visendi v. Bank of America, N.A.</u>, 733 F.3d 863 (9th Cir. 2013) is controlling precedent in this case.  The court disagrees.

In <u>Visendi</u>, 137 plaintiffs sued 25 financial institutions for unlawful mortgage practices in state court.  <u>Id.</u> at 866.  The institutional defendants removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA") that provides for federal jurisdiction over civil actions "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiff's claims involve common questions of law or fact."  <u>Id.</u> at 867.

The Ninth Circuit held that the plaintiffs' claims failed to present "any question of law or fact common to all plaintiffs," and were thus improperly joined under the permissive joinder requirements of FRCP Rule 20(a).  Defendants argue that just as the Ninth Circuit found improper joinder in <u>Visendi</u>, so too should this court find improper joinder here.

The Court disagrees and distinguishes <u>Visendi</u> on two grounds.  First, in <u>Visendi</u>, federal jurisdiction arose under CAFA. Accordingly there was no question as to the court's jurisdiction to consider whether permissive joinder under Rule 20(a) was proper.  Here, the Court's jurisdiction is in question. To find federal jurisdiction, defendants must demonstrate that joinder was eggregious or grossly improper. This is a decidedly more stringent standard than that applied under Rule 20 in <u>Visendi</u>.

Second, in <u>Visendi,</u> the Ninth Circuit held that nothing united the plaintiffs but "the superficial similarity of their allegations and their common choice of counsel." <u>Id.</u> at 870.  Here in contrast,  Plaintiffs have alleged a common scheme arising from a common third-party assignor.  As stated in the body of these findings, under the heightened standards required to defeat incomplete diversity, the Court cannot say that their claims have no "real connection" to each other such that they are egregiously misjoined.  The Court therefore, finds <u>Visendi</u> is not controlling in this case.

The Court finds that neither the doctrine of fraudulent joinder nor fraudulent misjoinder permit the Court to ignore incomplete diversity in this case. Without complete diversity, this Court lacks jurisdiction.  Accordingly, the Court finds that remand to state court is proper and that the Court lacks jurisdiction to hear Deutsche Bank's Motion to Sever.  Because the Court lacks jurisdiction to hear the Motion to Sever, US Bank's joinder in the motion is rendered moot.

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiffs' Motion to Remand be GRANTED, and ORDERS that Defendant's Motion to Sever be DENIED for lack of jurisdiction, and Defendant's Motion for Joinder be TERMINATED as Moot.

DATED:  Honolulu, Hawaii, January 29, 2014.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

John C. Tomlinson, et al. v. Deutsche Bank National Trust Company, et al., CV 13-00554 SOM-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND, AND ORDER DENYING DEFENDANT'S MOTION TO SEVER CLAIMS AND DENYING AS MOOT DEFENDANT'S JOINDER IN MOTION TO SEVER CLAIMS.

22